Benjeman Beck, SBN 268617
Carey B. Wood SBN 292447
**CONSUMER LAW EXPERTS, PC**
5757 W. Century Blvd. Suite 500
Los Angeles, California 90045
Telephone: (310) 442-1410
Fax: (877) 566-8828
ben@nolemon.com
carey@nolemon.com

Attorneys for Plaintiff
JOSE MARTIN GONZALEZ REYES

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MARTIN GONZALEZ REYES,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC, and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: 1:20-cv-00833-DAD-SKO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S COMBINED MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND TO TULARE SUPERIOR COURT**<br><br>Date: August 18, 2020<br>Judge: Dale Drozd<br>Time: 9:30 a.m.<br>Location: Courtroom 5, 7th Floor |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1
II. OVERVIEW OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ....2
III. STATEMENT OF FACTS AND PROCEDURAL HISTORY ..............................3
    A. The Nature of Plaintiff's Claims................................................................3
    B. Plaintiff's Original Complaint and Removal.............................................4
    C. Plaintiff's Meet-and-Confer Efforts ..........................................................4
IV. PLAINTIFF SHOULD BE ALLOWED TO AMEND HIS COMPLAINT TO ADD LAMPE AS A PARTY-DEFENDANT .........................................................4
    A. Lampe is Necessary to the Adjudication of This Action...........................5
    B. The Statute of Limitations on Plaintiff's State Law Claims......................6
    C. Plaintiff Promptly Moved for Joinder .......................................................7
    D. The Claims Against Lampe are Valid .......................................................7
    E. Plaintiff's Motives for Joining Lampe ......................................................8
    F. Denial of Joinder Will Prejudice Plaintiff...............................................10
V. THE COURT SHOULD REMAND THIS ACTION TO TULARE SUPERIOR COURT....................................................................................................................11
    A. There is a Strong Presumption Against Removal Jurisdiction ........................11
    B. Plaintiff's Amendments Divest This Court of Jurisdiction...............................12
        1. Lampe Would be a Non-Diverse Defendant .............................................12
VI. CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

*Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988) ............................................................. 12

*Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016 (C.D. Cal. 2002) ............................. 5

*Chan v. Bucephalus Alternative Energy Group, LLC*, No. C 08-04537, 2009 WL 1108744 (N.D. Cal. Apr. 24, 2009) ............................................................................. 5

*Clinco v. Roberts*, 41 F. Supp. 2d 1080 (C.D. Cal. 1999) .................................... 5, 6

*Cruz v. Bank of New York Mellon*, No. 12-00846, 2012 WL 2838957 (N.D. Cal. July 10, 2012) ............................................................................................................. 8, 11

*De Long v. Bank of America, N.A.*, 2012 WL 1498868 (N.D. Cal. Apr. 27, 2012) . 9

*Forward-Rossi v. Jaguar Land Rover North America, LLC*, No. 16-00949, 2016 WL 3396925 (C.D. Cal. June 13, 2016) ............................................... 5, 6, 7, 11

*Gaus v. Miles, Inc.*, 980 F.2d 564 (1992) ...................................................... 11, 12

*Greer v. Lockheed Martin*, No. CV 10-1704, 2010 WL 3168408 (N.D. Cal. Aug. 10, 2010) ................................................................................................................. 5

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203 (9th Cir.2007) ....... 8

*IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008 (N.D. Cal. 2000)) ................................................................. 6, 8

*Lara v. Bandit Industries, Inc.*, 2013 WL 1155523  (E.D. Cal. March 19, 2013 .... 7, 11

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir.1979)) ...................... 12

*Lieberman v. Wal-Mart Stores, Inc.*, No. 12-1650, 2013 WL 596098 (D. Nev. Feb. 15, 2013) ................................................................................................................. 8

*Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709 (9th Cir.1990) ......... 12

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654 (S.D. Cal. 2000) ...................... 5

*Stout v. International Business Machines Corp.*, No. 16-4914, 2016 WL 4528958 (C.D. Cal. Aug. 30, 2016) ........................................................................................ 8

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir.1985)) ........... 12

*Verrell v. ROC AZ Villa Antigqua LLC*, No. 14-1730, 2014 WL 3556359 (D. Ariz. July 18, 2014) ................................................................................................. 10, 11

*Yang v. Swissport USA, Inc.*, 2010 WL 2680800 (N.D. Cal. 2010)..........................7

**CALIFORNIA CASES**

*Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 882 (1989)...............................2
*Jensen v. BMW of N. Am., LLC*, 35 Cal. App. 4th 112 (1995)................................2
*Krotin v. Porsche Cars N. Am., Inc.*, 38 Cal. App. 4th 294 (1995)..........................3
*Lukather v. General Motors, LLC*, 181 Cal. App. 4th 1041 (2010).........................2
*Mexia v. Rinker Boat Co., Inc.* 174 Cal. App. 4th 1297 (2009) ...............................2
*Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094 (2001) ............................2
*Oregel v. American Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, (2001) ..................3
*Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218 (1985) ..................3

**FEDERAL CONSTITUTION**

28 U.S.C. § 1447(c) ........................................................................................10, 12
28 U.S.C. § 1447(e) ..........................................................................................1, 5, 7

**STATUTES**

Cal. Civ. Code § § 1790 *et seq* ...............................................................................1
Cal. Civ. Code § 1791.1............................................................................................5
Cal. Civ. Code §  1791.2(a) .....................................................................................5
Cal. Civ. Code §  1793.2(b) .....................................................................................5
Cal. Civ. Code § 1792..............................................................................................5
Cal. Civ. Code § 1794..............................................................................................5
Cal. Civ. Code. § 1794(a) ........................................................................................2
 Fed. R. Civ. P. 19(a)............................................................................................6, 7

## I.  INTRODUCTION

Plaintiff Jose Martin Gonzalez Reyes seeks leave to file a First Amended Complaint, which would join an indispensable party-defendant, Tulare Sag Inc. dba Lampe Chrysler Dodge Jeep Ram, ("Lampe"), to this action.

Plaintiff's complaint alleges that Defendant FCA US, LLC and its dealers violated California's Lemon Law (the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq* by selling a vehicle containing defects to Plaintiff, by failing to repair it within a reasonable number of attempts, and by refusing to repurchase it even though it was aware of the defect.  Lampe is an authorized FCA repair facility that Plaintiff took the vehicle to for repair, and therefore Plaintiff seeks to add Lampe to this action under the theory of negligent repair.

The Court should permit the joinder of Lampe under 28 U.S.C. § 1447(e) because (1) Lampe is needed for just adjudication of this matter (*e.g.*, the claims against both FCA and Lampe involve the same nucleus of operative facts, the same vehicle, and the same alleged defects, and resolution of those claims would require many of the same documents and witnesses and turn on many of the same legal and factual questions)[1]; (2) Plaintiff's proposed amendment is timely; (3) Plaintiff's claims against Lampe are facially legitimate; and (4) denial of joinder will prejudice Plaintiff.

Plaintiff also seeks to remand this action to Tulare Superior Court because the addition of LAMPE, a non-diverse defendant, would divest this court of diversity jurisdiction.

///

///

///

///

---

[1] Moreover, the addition of Lampe may be necessary to counter FCA's anticipated "empty chair" defense.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S COMBINED MOTION FOR LEAVE TO AMEND AND MOTION
TO REMAND

## II. OVERVIEW OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

The Song-Beverly Consumer Warranty Act[2], Cal. Civ. Code §§ 1790 *et seq.*, is also known as California's "Lemon Law." *Ibrahim v. FCA Motor Co.*, 214 Cal. App. 3d 878, 882 (1989). To succeed on a claim brought under the Act, the plaintiff bears the burden of proving, by a preponderance of the evidence, several elements, including nonconformity of a vehicle that substantially impaired its use, value or safety; presentation of vehicle to manufacturer or authorized representative for repair; and failure to repair the defect after a reasonable number of attempts. *Id.* at 886-87; *Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001).

The Act also provides a right of action for a buyer to recover damages and other relief when there has been a breach of the implied warranty of merchantability if the vehicle was sold at the time of sale with a known defect. Cal. Civ. Code. § 1794(a) *Mexia v. Rinker Boat Co., Inc.* 174 Cal. App. 4th 1297, 1304-05 (2009).

In addition, a buyer may be entitled to a civil penalty of up to two times the actual damages upon a showing that the manufacturer willfully failed to abide by any of its obligations under the Act. Cal. Civ. Code § 1794(c). Under the Act, the "manufacturer has an affirmative duty to replace a vehicle or to make restitution to the buyer." *Lukather v. General Motors, LLC*, 181 Cal. App. 4th 1041, 1050 (2010). *Jensen v. BMW of N. Am., LLC*, 35 Cal. App. 4th 112, 136 (1995) (emphasis added) (in assessing whether a violation is willful, the jury is entitled to consider, among other things, whether "the manufacturer knew the vehicle had not been repaired within a reasonable period or after a reasonable number of attempts."). Indeed, a buyer is under no obligation to alert the manufacturer of the unsuccessful repair attempts to trigger the manufacturer's duty to repurchase or replace the defective vehicle. *Oregel v. American Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094,

---

[2] "The Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action (citation omitted)." *Murillo v. Fleetwood Enterprises, Inc.,* 17 Cal.4th 985, 990 (1998). Interpretations of the Act which vitiate a manufacturer's incentive to comply must be avoided. *Kwan v. Mercedes-Benz of N. Am.,* 23 Cal. App. 4th 174, 184 (1994).

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S COMBINED MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND

1104-1105 (2001) (evidence that defendant-manufacturer was aware of unsuccessful repair attempts can support civil penalty liability); *Troensegaard v. Silvercrest Indus., Inc.*, 175 Cal. App. 3d 218, 226 (1985) (noting that defendant-manufacturer's possession of a report on the defective condition was sufficient to support civil penalty liability). *And see Krotin v. Porsche Cars N. Am., Inc.*, 38 Cal. App. 4th 294, 303 (1995) (noting an "automobile manufacturer need not read minds to determine which vehicles are defective; it need only read its dealers' service records. [] Computerized recordkeeping at dealership service departments could easily facilitate [a manufacturer's awareness of every failed repair attempt], even without any direct contact from the consumer to the manufacturer or any request for replacement or reimbursement.").

## III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   The Nature of Plaintiff's Claims

In or around 2017, Plaintiff purchased a 2017 Dodge Charger vehicle ("Vehicle"). (ECF/CM Doc. No. 1 Decl. James Mayo Ex. A [Complaint] ¶ 6.)  In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. (*Id.* ¶ 10.)  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired. (*Id.*)

During the warranty period, the Vehicle contained or developed defects, including but not limited to defects relating to the Vehicle's transmission, engine, steering, suspension, audio and body systems. (*Id. ¶* 12.)  These defects substantially impair the use, value, or safety of the Vehicle. (*Id. ¶* 16)

Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. (*Id.* ¶ 15.)  Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by the Lemon Law. (*Id.* ¶ 21)

### B. Plaintiff's Original Complaint and Removal

On April 30, 2020, Plaintiff filed his complaint in the Superior Court of the State of California for the County of Tulare, alleging that Defendant and its representatives, including its dealerships, (1) violated California Civil Code section 1793.2(d) by failing to repair the vehicle after a reasonable number of opportunities; (2) violated Civil Code section 1793.2(b) by failing to repair the Vehicle within a reasonable amount of time; (3) violated Civil Code section 1793.2(a)(3) by failing to make available to its authorized service and repair facilities sufficient service literature and replacement parts; (4) breached the express written warranty under Civil Code sections 1791.2(a) and 1794; and (5) breached the implied warranty of warranty under Civil Code sections 1791.1, 1792, and 1794. (*See generally* [Complaint].)  Plaintiff further alleged that the total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000.  (*Id.* ¶ 7.)  Plaintiff served the Summon and Complaint on Defendant on May 15, 2020.  (*See* ECF/CM Doc. No. 1 Decl. James Mayo Ex. B)

On June 16, 2020, Defendant served the notice of removal of this action, on the grounds that this Court has diversity jurisdiction over Plaintiff's claims because the parties are completely diverse and because the amount of controversy exceeds $75,000.  (*See* ECF/CM Doc. No. 4.)

### C. Plaintiff's Meet-and-Confer Efforts

On July 7, 2020, Plaintiff's counsel met and conferred with Defendant's counsel regarding the substance of this Motion.  (Wood Declaration ¶ 3.)  Defendant indicated that it would not stipulate to Plaintiff's proposed amendment to add Lampe and would not stipulate to remand this action to Los Angeles Superior Court.  (*Id.*)

## IV. PLAINTIFF SHOULD BE ALLOWED TO AMEND HIS COMPLAINT TO ADD LAMPE AS A PARTY-DEFENDANT

Lampe, a non-diverse party, is FCA's authorized repair facility that performed repairs on the Vehicle. (Wood Declaration, Ex. 2 FAC ¶45)   Its addition as a named defendant is, therefore, necessary to the full resolution of Plaintiff's Lemon Law claims.

Rule 15 does not apply when a plaintiff amends his or her complaint after removal to add a diversity-destroying defendant. *Forward-Rossi v. Jaguar Land Rover North America, LLC*, No. 16-00949, 2016 WL 3396925, at *2 (C.D. Cal. June 13, 2016) (citing *Greer v. Lockheed Martin*, No. CV 10-1704, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010); *Chan v. Bucephalus Alternative Energy Group, LLC*, No. C 08-04537, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009) (internal quotation marks omitted)). This type of amendment is instead analyzed under 28 U.S.C. § 1447(e), which states that, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Forward-Rossi*, 2016 WL 3396925, at *2 (quoting 28 U.S.C. § 1447(e)).

When deciding whether to permit joinder under § 1447(e), a court should consider the so-called *Palestini* factors: (1) whether the new defendants should be joined under Rule 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999)); *and see Forward-Rossi*, 2016 WL 3396925, at *2; *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002).

Here, the balance of these factors weighs heavily in favor of allowing the amendment to add Lampe.[3]

### A.  Lampe is Necessary to the Adjudication of This Action

Rule 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their

---

[3] A copy of Plaintiff's proposed First Amended Complaint ("FAC") is attached as Exhibit 2 to the Wood Declaration.

5

interests or would subject any of the parties to the danger of inconsistent obligations." *Forward-Rossi*, 2016 WL 3396925, at *2 (citing *Clinco*, 41 F.Supp.2d at 1082; Fed. R. Civ. P. 19(a)). Although courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19. *Id.* (citing *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011-12 (N.D. Cal. 2000)). The standard is met when failure to join will lead to separate and redundant actions, but it is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief. *Id*.

Lampe is FCA's authorized repair facility that serviced Plaintiff's vehicle. (FAC ¶¶ 44-49) Plaintiff is alleging that Lampe failed to repair the Subject Vehicle, thereby committing negligence. (*See* FAC ¶¶ 44-49) Accordingly, the claims against both FCA and Lampe involve overlapping legal theories (*i.e.*, failure to repair), the same Vehicle, and the same alleged defects. Resolution of the negligence claim would likely require many of the same documents and witnesses and turn on many of the same legal and factual questions. Lampe is therefore necessary to the adjudication of this action.

Moreover, the addition of Lampe may be necessary to counter FCA's anticipated "empty chair" defense. For instance, when confronted with claims that FCA did not repair the Vehicle within a reasonable number of attempts, FCA may contend that the failed repairs are solely the result of Lampe, acting alone.

In short, Lampe is necessary to the adjudication of this action, and this factor militates heavily in favor of allowing the amendment.

### B. The Statute of Limitations on Plaintiff's State Law Claims

Plaintiff took the vehicle to Lampe starting on February 26, 2019. (FAC ¶ 45) Thus, a new action against Lampe would not be time-barred. Accordingly, this factor weighs neither in favor of nor against permitting the amendment.

### C. Plaintiff Promptly Moved for Joinder

When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion. *Forward-Rossi*, 2016 WL 3396925, at *3.

Here, Plaintiff filed his complaint on April 30, 2020; Defendant removed the action on June 12, 2020, and served notice on June 16, 2020; Plaintiff now files this motion within thirty days of the notice of removal.  In other words, less than three months have elapsed between the filing of Plaintiff's original state court complaint and this Motion.  Indeed, this action is still in its nascent stages: the parties have not propounded any discovery, nor attended any court proceedings.

Courts routinely allow joinder even where plaintiffs have waited far longer than Plaintiff did here.  *See, e.g.*, *Forward-Rossi*, 2016 WL 3396925, at *3 (plaintiff's filing of motion for leave to amend five months after filing initial complaint and four months after action was removed was not unreasonable under the Ninth Circuit's precedents); *Lara v. Bandit Industries, Inc.*, 2013 WL 1155523, at *3 (E.D. Cal. March 19, 2013) (holding that filing five months after the initial complaint and three months after removal was not untimely when the parties had not filed dispositive motions), *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *4 (N.D. Cal. 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court").

Accordingly, this factor also militates heavily in favor of permitting the amendment.

### D. The Claims Against Lampe are Valid

The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e). *Forward-Rossi*, 2016 WL 3396925, at *4. In considering this factor, a court need only determine whether the claim seems valid, which is not the same as the standard in either a motion to dismiss

or a motion for summary judgment. *Stout v. International Business Machines Corp.*, No. 16-4914, 2016 WL 4528958, at *9 (C.D. Cal. Aug. 30, 2016). The California district courts have expressly held that a claim against a dealership for negligent repair is valid. *Southwest Forest Indutries, Inc. v. Westinghouse Elec. Corp.*, 422 F.2nd 1013; 1018 (9th Cir. 1970) (noting that, generally, "[o]ne who undertakes repairs has a duty arising in totrt to do them without negligence."); *Forward-Rossi v. Jaguar Land Rover North America, LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (holding that, in light of plaintiff's allegations that she returned the vehicle to the dealership on numerous occasions and that the dealership still failed to adequately repair the Vehicle, plaintiff appeared to have, at a minimum, a facially legitimate claim for negligent repair).

Plaintiff has, at a minimum, alleged a facially legitimate negligence claim against Lampe for its failures to repair the vehicle. (FAC¶¶ 44 – 49) Accordingly, this factor supports allowing the amendment.

### E.   Plaintiff's Motives for Joining Lampe

There is a general presumption against fraudulent joinder, and the burden of proof is on the defendant to prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir.2007). In any event, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Stout*, 2016 WL 4528958, at *8 (citing *IBC Aviation Services, Inc.*, 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000)); *Lieberman v. Wal-Mart Stores, Inc.*, No. 12-1650, 2013 WL 596098 at *4 (D. Nev. Feb. 15, 2013).

Consideration of the "motive" and "validity" factors are intertwined, because an assessment as to the strength of the claims against the proposed new defendant (the "validity" factor) bear directly on whether joinder is sought solely to defeat diversity. *Cruz v. Bank of New York Mellon*, No. 12-00846, 2012 WL 2838957, at *6 (N.D. Cal. July 10, 2012) (although plaintiff's claim against putative defendant was not particularly strong, it did not appear that plaintiff added a frivolous claim

solely to defeat diversity); *De Long v. Bank of America, N.A.*, 2012 WL 1498868, at *6 (N.D. Cal. Apr. 27, 2012) (same).

Moreover, as a matter of general principle, courts generally employ a presumption against fraudulent joinder. *Diaz v. Allstate Ins. Group*, 185 F.R.D. 582, 586 (S.D. Cal. 1998) (citing *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996).) This presumption is often expressed by a series of requirements placed upon the moving party. *Diaz*, at 586. First, defendants who assert fraudulent joinder carry a heavy burden of persuasion. *Id.* The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. *Id.* (citing *Good v. Prudential Insurance Company of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)). Second, it must appear to a near certainty that joinder was fraudulent. *Diaz*, at 586 (citing *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D.Cal.1979), aff'd, 710 F.2d 549 (9th Cir.1983)). This occurs if the plaintiff has no actual intention to prosecute an action against those particular resident defendants. *Id.* (citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir.1980)).

Third, merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. *Diaz*, at 586. The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so. *Diaz*, at 586 (citing *Lieberman*, 1996 WL 732506, at *3). The failure to state a claim must be obvious according to the settled law of the state. *Bravo v. Foremost Insurance Group*, 1994 WL 570643, at * 2 (N.D. Cal. Oct. 11, 1994). In other words, defendant must be able to show that the individuals joined in the action cannot be liable under *any* theory. *Calero v. Unisys Corp.*, 271 F.Supp. 2d 1172, 1176 (N.D. Cal. May 19, 2003) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998)). Finally, in resolving the issue, the court must evaluate plaintiff's allegations in the light most favorable to plaintiff; must resolve all contested issues of substantive fact in favor of plaintiff; and must further resolve all ambiguities of the state law in favor of the plaintiffs. *Bravo*, 1994 WL 570643, at * 2; *and see Diaz*, at 586.

A court has summarized this "immense burden" as follows:

> Let's summarize everything [defendants] have to overcome here. They bear the burden of establishing this Court's jurisdiction, since they're the parties asserting that the jurisdiction exists. *See Gaus*, 980 F.2d at 566. They must show that [plaintiffs] "could not *possibly*" recover against [defendant]. *Padilla*, 697 F.Supp.2d at 1158 (emphasis added). They must make that showing with the Court resolving "*all* disputed questions of fact and *all* ambiguities in the controlling state law ... in the plaintiffs favor" *Id.* (emphases added). The [plaintiffs'] failures on this front must be "obvious." *United Computer Sys.*, 298 F.3d at 761. If there are *any* doubts, the defendant loses. *See Gaus*, 980 F.2d at 566.

*Warner*, *supra*, 193 F.Supp.3d at 1136-37 (emphasis in original) (holding that defendants had failed to carry their burden of showing that removal was appropriate and remanding the action to state court).

If the defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). FCA has not carried its heavy burden of proof of showing that Lampe is a "sham defendant."

Here, as described above, Plaintiff's claims against Lampe are strong. Accordingly, this factor, too, militates in favor of allowing amendment.

### F. Denial of Joinder Will Prejudice Plaintiff

Where "the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once," and "[t]o force Plaintiff to proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Verrell v. ROC AZ Villa Antigqua LLC*, No. 14-1730, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014).

In *Forward-Rossi*, the court found that the plaintiff had facially legitimate claims against Penegon West that arose out of the same series of transactions and occurrences as her claims against JLRNA, and that, if the court were to deny

plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against JLRNA before this Court and an action against Penegon West in California state court—which would work prejudice to the plaintiff. *See Forward-Rossi,* 2016 WL 3396925, at *5 n.2 (citing *Lara v. Bandit Industries, Inc.*, 2013 WL 1155523, at *5 (E.D. Cal. March 19, 2013) ("This Court ... finds that precluding Plaintiffs from joining Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court.")). The court held that this factor weighed in favor of granting the plaintiff's motion for leave to amend.[4]

Likewise, here, Plaintiff has facially legitimate claims against Lampe that arose out of the same series of transactions and occurrences as his claims against FCA, and if the Court were to deny Plaintiff's motion to remand, Plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against FCA before this Court and an action against Lampe in California state court. Moreover, as noted above, denying the joinder of Lampe would handicap Plaintiff's efforts to rebut Defendant's anticipated empty chair defense. Accordingly, this factor also weighs in favor of allowing amendment.

In sum, five of the six *Palestini* factors (*i.e.*, just adjudication, promptness of joinder, validity of claims, motive, and prejudice to plaintiff) militate in support of allowing the addition of Lampe. Accordingly, the Court should grant Plaintiff's motion for leave to amend.

## V. THE COURT SHOULD REMAND THIS ACTION TO TULARE SUPERIOR COURT

### A. There is a Strong Presumption Against Removal Jurisdiction

The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (1992) (citing *Boggs v. Lewis,*

---

[4] *See also Cruz,* 2012 WL 2838957, at *6 (refusing to allow amendment would require plaintiff to either litigate in two forums or forego claims against putative defendant); *Verrell v. ROC AZ Villa Antigqua LLC*, No. 14-1730, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014).

863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985)). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)).

The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)).

### B. Plaintiff's Amendments Divest This Court of Jurisdiction

#### 1. Lampe Would be a Non-Diverse Defendant

Lampe is a resident of California, and therefore its addition to this action would divest the Court of diversity jurisdiction. *See Forward-Rossi*, 2016 WL 3396925, at *5 (granting plaintiff's motion to remand because, with the addition of the dealer, the action was no longer between parties of diverse citizenship) (citing 28 U.S.C. §§ 1447(c) and (e)).

In sum, because subject matter jurisdiction will be divested following Plaintiff's amendments, the Court should remand this action to Los Angeles Superior Court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### VI. CONCLUSION

This Court should grant Plaintiff's motion for leave to amend because, among other things, Lampe is necessary to the full adjudication of this matter, Plaintiff's claims against Lampe are valid, and Plaintiff did not delay in seeking amendment.

Dated: July 16, 2020                                Respectfully submitted,
                                                    Consumer Law Experts, PC

                                                    By: /s/ Carey B. Wood
                                                        Carey B. Wood
                                                        Attorneys for Plaintiff