# **EXHIBIT 2**

Benjeman Beck, SBN 268617
Carey Wood, SBN 292447
**CONSUMER LAW EXPERTS, PC**
5757 West Century Boulevard, Suite 500
Los Angeles, California 90045
Telephone: (310) 442-1410
Fax: (877) 566-8828
*ben@nolemon.com*
*carey@nolemon.com*

Attorneys for Plaintiff, JOSE MARTIN GONZALEZ REYES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARTIN GONZALEZ REYES,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC; TULARE SAG, INC. dba LAMPE CHRYSLER DODGE JEEP RAM; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: 1:20-cv-00833-DAD-SKO<br><br>[Assigned to the Hon. Dale Drozd]<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
**FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT AND DEFENDANTS HEREIN:

COMES NOW Plaintiff JOSE MARTIN GONZALEZ REYES, an individual, (hereinafter, "Plaintiff"), for causes of action against FCA US, LLC (hereinafter, "Manufacturer" or "Defendant FCA"), TULARE SAG, INC. dba LAMPE CHRYSLER DODGE JEEP RAM ("Defendant LAMPE") and DOES 1 through 50 (collectively "Defendants"), inclusive, as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, JOSE MARTIN GONZALEZ REYES.

2. Plaintiff, is, and at all times mentioned herein was, a resident of the County of Tulare, State of California.

3. Plaintiff is informed and believes that Defendant FCA US, LLC, is, and at all times mentioned herein was, a limited liability corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in the State of California, including Tulare County. Defendant is, and at all times mentioned herein was, engaged in the design, manufacture, construction, assembly, marketing, sale, and distribution of automobiles, motor vehicles and other related components and services in Tulare County.  Manufacturer is also in the business of selling written warranties to the public at large through a system of authorized dealerships.

4. Plaintiff is informed and believes and thereupon alleges that Defendant TULARE SAG, INC. dba LAMPE CHRSYLER DODGE JEEP RAM is, and at all times was, a corporation organized and in existence under the laws of the State of California and authorized to do business in the State of California, including Tulare County, and is engaged in the repair of motor vehicles. Dealership is located in, and does business in the city of Visalia, County of Tulare, California.

5. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, inclusive, and each of them, are unknown to

- 2 -
**FIRST AMENDED COMPLAINT**

Plaintiff, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believe, and thereupon allege, that each of the defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

6. Plaintiff is informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, employees, and/or joint ventures' of their co-defendants, and each was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venture.

## GENERAL ALLEGATIONS

7. On or about April 22, 2017, in exchange for valuable consideration, Plaintiff purchased a 2017 Dodge Charger (hereinafter "Vehicle"), manufactured and/or distributed by Defendant, with corresponding Vehicle Identification Number 2C3CDXHG9HH543662.

8. The total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000.

9. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

10. Plaintiff purchased the Vehicle from a person or entity in the business of manufacturing, distributing, or selling consumer goods at retail.

11. In connection with the purchase of the Vehicle, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or

performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

12. After Plaintiff took possession of the Vehicle and during the warranty period, the Vehicle contained or developed defects, listed below, that substantially impair the use, safety, and/or value of the Vehicle.

13. During the warranty period, the Vehicle contained or developed defects, including, but not limited to the following:

    a. Defective engine;

    b. Defective steering system

    c. Defective suspension system;

    d. Defective transmission system;

    e. Defective audio system;

    f. Defective body system; and

    g. Any additional complaints made by Plaintiff, whether or not they are contained in the records or on any repair orders.

14. The defects listed above violate the express written warranties issued by Defendant, as well as the implied warranty of merchantability.

15. Plaintiff provided Defendant and its representatives in this state sufficient opportunity to service or repair the Vehicle.

16. Defendant and its representatives in this state were unable and/or failed to service or repair the Vehicle within a reasonable number of attempts.

17. Said defects have substantially impaired the safety, use and/or value of the Vehicle.

18. Said defects could not have been discovered by Plaintiff prior to Plaintiff's acceptance of the Vehicle.

**FIRST AMENDED COMPLAINT**

19. Plaintiff has been and will continue to be financially damaged due to Defendant's failure to comply with the provisions of the express and implied warranties.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FCA ONLY,

## VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2

20. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 19, inclusive, of the General Allegations, above.

21. Plaintiff presented the Vehicle for repair to Defendant and its representatives in this state for various defects that substantially impair the safety, use and/or value of the Vehicle.

22. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1794, subdivision (a).

23. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

24. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

25. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled

to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

26. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (e)(5).

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FCA ONLY,

## VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2

27. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 26, inclusive, of the General Allegations, above.

28. Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

29. Plaintiff has been damaged by Manufacturer's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

30. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

- 6 -
**FIRST AMENDED COMPLAINT**

31. Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT FCA ONLY,

### VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2

32. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 31, inclusive, of the General Allegations, above.

33. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

34. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT FCA ONLY,

### BREACH OF EXPRESS WRITTEN WARRANTY

### CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794

- 7 -

**FIRST AMENDED COMPLAINT**

35. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 34, inclusive, of the General Allegations, above.

36. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

37. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

38. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION

**BY PLAINTIFF AGAINST DEFENDANT FCA ONLY,**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**CIVIL CODE SECTION 1791.1; SECTION 1794**

39. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 38, inclusive, of the General Allegations, above.

40. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

41. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following

- 8 -
**FIRST AMENDED COMPLAINT**

requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

42. On or about April 22, 2017, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

43. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT LAMPE ONLY,

## NEGLIGENT REPAIR

44. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 43, inclusive, of the General Allegations, above.

45. Plaintiff delivered the Vehicle to Defendant LAMPE for repair starting on February 26, 2019.

46. Defendant LAMPE owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, diagnosis, and/or repair of the Vehicle with industry standards.

47. Defendant LAMPE breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare, diagnose, and/or repair the Vehicle in accordance with industry standards.

48. Plaintiff sustained damages due to Defendant LAMPE's failure to properly store, prepare, diagnose and/or repair the Vehicle in accordance with industry standards.

49. Defendant LAMPE's negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiff's damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a. For Plaintiff's actual damages in the amount according to proof at trial;

    b. For restitution;

    c. For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    d. For any consequential and incidental damages;

    e. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

    f. For prejudgment interest at the legal rate; and

    g. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: July 16, 2020              CONSUMER LAW EXPERTS, PC

                            By:    /s/ Carey B. Wood_____
                                     Carey B. Wood
                                     Attorneys for Plaintiff,
                                     JOSE MARTIN GONZALEZ REYES

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **CERTIFICATE OF SERVICE** |
| 4 | The undersigned counsel for Defendant FCA US LLC hereby certifies that a |
| 5 | true and correct copy of the forgoing document was filed with the Court and served |
| 6 | electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record to |
| 7 | those registered to receive a Notice of Electronic Filing for this case on this 16th of July 2020. |
| 8 | |
| 9 | /s/ Carey Wood |