1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11
12

| | |
|---|---|
| JOSE MARTIN GONZALEZ REYES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | No.  1:20-cv-00833-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND THIS ACTION<br><br>(Doc. No. 7) |

13
14
15
16
17
18

This matter is before the court on plaintiff's motion for leave to amend his complaint and

19

motion to remand this action to the Tulare County Superior Court.  (Doc. No. 7.)  Pursuant to

20

General Order No. 617 addressing the public health emergency posed by the coronavirus

21

pandemic, on July 17, 2020, the court took this matter under submission to be decided on the

22

papers, without holding a hearing.  For the reasons set forth below, the court will grant plaintiff's

23

motion to amend his complaint and motion to remand.

24

**BACKGROUND**

25

On April 30, 2020, plaintiff Jose Martin Gonzalez Reyes filed this action against

26

defendant FCA US LLC ("FCA") and Does 1 through 50, inclusive, (collectively "defendants")

27

in the Tulare County Superior Court.  (Doc. No. 1 at 1–2.)  Plaintiff asserted the following claims

28

under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") related to his

purchase of a 2017 Dodge Charger (the "subject vehicle"):  (1) failure to service or repair the subject vehicle to conform to the applicable express warranties and failure to promptly replace the vehicle or make restitution, in violation of California Civil Code § 1793.2(d); (2) failure to service or repair the subject vehicle so as to conform to the applicable warranties within thirty days, in violation of California Civil Code § 1793.2(b); (3) failure to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, in violation of California Civil Code § 1793.2(a)(3); (4) breach of express warranty, in violation of California Civil Code §§ 1791.2(a), 1794; and (5) breach of implied warranty of merchantability, in violation of California Civil Code §§ 1791.1, 1794.  (*Id.* at 4; Doc. No. 1-2 at 7–11.)

On June 12, 2020, defendant removed this action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because plaintiff and defendant are citizens of different states and the amount in controversy is at least $75,000.  (Doc. No. 1.)

On July 16, 2020, plaintiff moved for leave to amend his complaint to join Tulare Sag Inc. dba Lampe Chrysler Dodge Jeep Ram ("Lampe") to this action pursuant to 28 U.S.C. § 1447(e) by adding a claim of negligent repair.  (Doc. No. 7-1 at 5.)  Plaintiff subsequently moved to remand this action to the Tulare County Superior Court because Lampe's California citizenship defeats complete diversity.  (*Id.*)  Plaintiff does not dispute defendant's assertion that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.  (*Id.* at 8.)  On August 4, 2020, defendant filed an opposition to plaintiff's motion to amend his complaint and motion to remand, and on August 13, 2020, plaintiff filed a reply thereto.  (Doc. Nos. 9, 13.)

**LEGAL STANDARD**

**A.    Removal Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

2

1332(a).  An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.    Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity.  *Id.*

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW-KSX, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the

3

cause of action against an in-state defendant."); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (explaining that fraudulent joinder exists when "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The two tests should not, however, be conflated. *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550. Remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

There is a general presumption against fraudulent joinder, *Hamilton Materials, Inc.*, 494 F.3d at 1206, and the burden on the defendant opposing remand based on an alleged fraudulent joinder is a "heavy one." *Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999); *see also Lee v. Ford Motor Corp.*, No. 19-cv-10170-AB-FFM, 2020 WL 2835748, at *2 (C.D. Cal. May 29, 2020) ("Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder . . . ."). "Fraudulent joinder must be proven by clear and convincing evidence," and district courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.*, 494 F.3d at 1206. In resolving a claim of fraudulent joinder, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony. *Morris*, 236 F.3d at 1068.

/////

4

**C.      Joinder of Non-Diverse Defendant After Removal**

If a plaintiff joins a non-diverse defendant after removal, "the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).[1]  "The language of § 1447(e) is couched in permissive terms" and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  Courts generally consider the following factors when deciding whether to deny or permit joinder of a non-diverse defendant:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS-RAO, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (quoting *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. June 24, 2015)).  "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." *Cruz v. Bank of N.Y. Mellon*, No. 5:12-cv-00846-LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012) (quotation marks omitted).

/////

/////

/////

---

[1]  "Courts in the Ninth Circuit disagree as to what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS-RAO, 2016 WL 6581154, at *3 (C.D. Cal. Nov. 7, 2016) (adopting "the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)").  This court joins the majority of district courts in the Ninth Circuit in choosing to "analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard." *Martinez v. FCA US LLC*, No. 2:19-cv-08097-SVW, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020).  As one district court recently explained, this approach "permits courts to determine whether any amendment 'as of right' to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant." *Id.* (citing *Marroquin v. Target Corp.*, No. 19-cv-00341-JAK-SSx, 2019 WL 2005793, at *3 (C.D. Cal. May 7, 2019) (citing cases)).

# ANALYSIS

## A.      Motion for Leave to Amend

The court will begin by analyzing the § 1447(e) factors that courts consider in determining whether to permit or deny joinder of a non-diverse defendant.  The court will also address the fraudulent joinder arguments presented by defendant in this context because "the core inquiry in a fraudulent joinder analysis, *i.e.*, whether there is any possibility of recovery against the non-diverse defendant, is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined." *Taylor v. Honeywell Corp.*, No. 4:09-cv-04947-SBA, 2010 WL 1881459, at *2 n.1 (N.D. Cal. May 10, 2010); *see also Avellanet*, 2019 WL 5448199, at *2 ("[T]he Court considers FCA's fraudulent joinder arguments in the context of the analysis under 28 U.S.C. § 1447(e).").

### 1.      Need for Joinder Under Rule 19(a)

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a).  "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), 'amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19.'" *Avellanet*, 2019 WL 5448199, at *2 (quoting *Sabag*, 2016 WL 6581154, at *4).  "This standard is met when failure to join will lead to separate and redundant actions," but not when the non-diverse defendants "are only tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000).

Here, plaintiff contends that Lampe is a necessary party in this action because Lampe serviced the subject vehicle, resulting in protracted and unsuccessful repair attempts.  (Doc. No. 7-1 at 8.)  Plaintiff asserts that his negligent repair claim brought against Lampe is not tangentially related to his claims against defendant because "the claims against both FCA and Lampe involve overlapping legal theories (i.e., failure to repair), the same Vehicle, and the same

6

1    alleged defects," and thus, "[r]esolution of the negligence claim would likely require many of the

2    same documents and witnesses and turn on many of the same legal and factual questions." (*Id.* at

3    10.)  Plaintiff also asserts that Lampe may be necessary to "counter FCA's anticipated 'empty

4    chair' defense" in which "FCA may contend that the failed repairs are solely the result of Lampe,

5    acting alone." (*Id.*)  Thus, according to plaintiff, if the court does not permit the joinder of Lampe

6    in this action, "[p]laintiff would be forced to litigate separate and redundant actions." (Doc. No.

7    13 at 3.)

8           Defendant contends that Lampe is not an indispensable party to this action and that

9    plaintiff "can obtain 'complete relief' from defendant FCA US." (Doc. No. 9 at 9.)  Defendant

10   argues that if Lampe was truly indispensable, plaintiff should have named both FCA and Lampe

11   as defendants in his original complaint, particularly because plaintiff already knew at the time he

12   filed his complaint that Lampe was the repair facility that serviced the subject vehicle. (*Id.* at 9–

13   10.)

14          The court is not persuaded by defendant's arguments, which focus more on plaintiff's

15   motive in adding Lampe—a distinct factor addressed below—and less on whether failure to join

16   Lampe would lead to separate and redundant actions.  Notably, plaintiff asserts a negligent repair

17   claim against Lampe based on the same allegedly defective vehicle and the same alleged failures

18   to repair the vehicle that form the bases for plaintiff's claims against FCA.  Moreover, to the

19   extent defendant argues that Lampe is not a necessary party in this action because plaintiff can

20   obtain complete relief if he prevails on his claims against defendant FCA (*id.* at 9), the court finds

21   that argument also unavailing.  As one district court recently explained:

22               Regardless of who Plaintiff could ultimately recover from,
                 Plaintiff's proposed allegations state an independent cause of action
23               against Proposed Defendants.  Because Plaintiff "may pursue an
                 independent cause of action . . . directly against [the] Proposed
24               Defendants, forcing Plaintiff to pursue such claims separately in
                 state court would lead to redundancy," and favors joinder.
25

26   *Malijen v. Ford Motor Co.*, No. 20-cv-1217-JGB-KKx, 2020 WL 5934298, at *2 (C.D. Cal. Aug.

27   20, 2020) (quoting *Sanvelian v. Ryder Truck Rental, Inc.*, No. 2:20-cv-01314-ODW-SKx, 2020

28   WL 4060176, at *5 (C.D. Cal. July 20, 2020)) (alterations omitted).  Here, the court finds that

1    plaintiff asserts a facially valid negligent repair claim against Lampe in his proposed amended

2    complaint.  The court also agrees that if it denied joinder of Lampe in this action, plaintiff's

3    pursuit of a separate action against Lampe in state court would be redundant.  *See Sandhu v.*

4    *Volvo Cars of N. Am., LLC*, No. 5:16-cv-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31,

5    2017) (finding that a dealership was needed for just adjudication even though the manufacturer

6    was bound to indemnify the dealership for any judgment in plaintiff's favor and concluding that

7    "[t]rying the case in separate actions could lead to inconsistent findings as to the condition of the

8    vehicle and the adequacy of repairs").

9         Under these circumstances, and in light of the "less restrictive standard" for amendment

10   under § 1447(e) than for joinder under Rule 19, the court finds that Lampe is a necessary party for

11   the purposes of the § 1447(e) analysis.  *See Avellanet*, 2019 WL 5448199, at *2 (concluding that

12   "failure to join Fiat would lead to separate and redundant actions, and that Fiat is necessary for

13   the efficient and just adjudication of this action," because plaintiff's "claims for relief against

14   FCA and Fiat arise out of the same vehicle and the same alleged defects in that vehicle, and

15   resolution of Plaintiff's claim against Fiat will require many of the same documents and witnesses

16   and will implicate many of the same factual and legal issues").

17        Accordingly, the court finds that consideration of this factor weighs in favor of permitting

18   the joinder of Lampe in this action.

19        2.    Timeliness of Joinder

20         "When determining whether to allow amendment to add a non-diverse party, 'courts

21   consider whether the amendment was attempted in a timely fashion.'"  *Avellanet*, 2019 WL

22   5448199, at *3 (quoting *Sandhu*, 2017 WL 403495, at *3).  In particular, courts consider the

23   length of time that passed between plaintiff filing the original complaint and the amended

24   complaint, and whether dispositive motions have been filed.  *See, e.g.*, *Lara v. Bandit Industries,*

25   *Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding

26   the timeliness factor weighed in favor of joinder and remand where the plaintiff had filed his

27   amended complaint five months after the initial complaint and three months after removal, and

28   the parties had not filed dispositive motions); *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332

1    (9th Cir. 1983) (finding that it "was too late" to add a diversity-destroying defendant over six

2    months after removal and just four days before a hearing was scheduled to take place on a motion

3    for summary judgment); *Yang v. Swissport USA, Inc.*, No. 3:09-cv-03823-SI, 2010 WL 2680800,

4    at *4 (N.D. Cal. July 6, 2010) (granting plaintiffs' motion to amend filed nine months after

5    removal where "no dispositive motions ha[d] been filed, and the discovery completed thus far

6    [would] be relevant whether the case is litigated in [federal] court or state court"); *Boon v.*

7    *Allstate Ins. Co.*, 229 F. Supp. 2d 1019, 1023 (C.D. Cal. 2002) (finding the timeliness factor

8    weighed in favor of joinder where plaintiffs amended their complaint "less than three months

9    after they filed their original complaint in Superior Court, and less than a month after removal").

10           Here, plaintiff filed his motion for leave to amend his complaint on July 16, 2020, which

11   was 77 days after he filed his original complaint, just 37 days after defendant answered plaintiff's

12   original complaint, 34 days after defendant removed this action, and 30 days after defendant

13   served notice of removal.  (*See* Doc. Nos. 1, 1-2, 4, 7.)  Plaintiff contends that he has "[p]romptly

14   [m]oved for [j]oinder" while "this action is still in its nascent stages:  the parties have not

15   propounded any discovery, nor attended any court proceedings," and plaintiff moved to amend

16   within three months of his original complaint.  (Doc. No. 7-1 at 11.)  Defendant argues that

17   plaintiff's delay "is not necessarily 'justified'" because plaintiff has not explain why "he did not

18   name LAMPE in the initial complaint."  (Doc. No. 9 at 9–10.)

19           As noted, plaintiff filed this motion within three months of the filing of his original

20   complaint and one month after service of notice of removal.  That brief passage of time is not

21   unreasonable.  *See Lara*, 2013 WL 1155523, at *3 (finding the filing of an amended complaint

22   five months after the initial complaint and three months after removal to be timely); *Boon*, 229 F.

23   Supp. 2d at 1023 (finding the filing of an amended complaint "less than three months after they

24   filed their original complaint in Superior Court, and less than a month after removal" to be

25   timely).  In addition, no dispositive motions have been filed in this action, and the parties have

26   not yet engaged in discovery.  Thus, the court concludes that plaintiff acted in a timely manner

27   when he filed this motion for leave to amend his complaint to add Lampe as a defendant.

28   /////

9

Accordingly, the court finds that consideration of this factor weighs in favor of permitting joinder of Lampe in this action.

### 3.   Whether Joinder is Intended Solely to Defeat Jurisdiction

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).  Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* "However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." *Dordoni v. FCA US LLC*, No. 5:20-cv-01475-JGB-SHK, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")).

"[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag*, 2016 WL 6581154, at *5–6 (finding that the plaintiff's motive in joining dealership defendant was "not *solely* to destroy diversity" because plaintiff's claim against the dealership was "facially legitimate").  Indeed, "an assessment as to the strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest this [c]ourt of jurisdiction." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014).  Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant. *See, e.g.*, *Dordoni*, 2020 WL 6082132, at *5 (concluding that plaintiff's "underlying legal allegations against Dealership Defendant are not so threadbare as to support a conclusion of bad faith," even though defendants submitted "compelling evidence to support a conclusion that [p]laintiffs have added Dealership Defendant for the purposes of defeating

1    diversity"); *Avellanet*, 2019 WL 5448199, at *3 (noting that plaintiff's amendment after removal

2    to add the dealership defendant and assert only a breach of implied warranty claim against it

3    "suggest that [p]laintiff's primary motivation in amending the [c]omplaint was to defeat diversity

4    jurisdiction," but concluding that it was "not readily apparent that it [was] the sole motivation"

5    because plaintiff's claim against the dealership was "seemingly valid"). In addition, courts have

6    rejected the argument that a plaintiff's motivation to defeat jurisdiction should be dispositive in

7    resolving the question of whether joinder of a non-diverse defendant is permitted. *See Sandhu*,

8    2017 WL 403495, at *3.

9            Here, plaintiff contends that defendant "has not carried its heavy burden of proof of

10   showing" his joinder of Lampe is intended solely to defeat this court's jurisdiction because his

11   claim against Lampe is "valid" and "strong." (Doc. No. 7-1 at 11, 14.)

12           In its opposition, defendant argues that "the claims against LAMPE were intentionally

13   asserted for the purpose of defeating diversity jurisdiction." (Doc. No. 9 at 10.) Defendant points

14   to plaintiff's "aware[ness] of the removal and that its basis was diversity jurisdiction." (*Id.*)

15   (citing *San Jose Neurospine v. Cigna Health and Life Ins. Co.*, No. 5:16-cv-05061-LHK, 2016

16   WL 7242139, at *10 (N.D. Cal. Dec. 15, 2016)). Moreover, defendant contends that the addition

17   of Lampe as a defendant at this time when its identity and involvement were known to plaintiff

18   much earlier casts suspicion on plaintiff's motive. (*Id.*)

19           In reply, plaintiff contends that his negligent repair claim is valid, that any alleged

20   deficiencies as to that claim could be cured by amendment with the allegation of additional facts,

21   and that as a result defendant's argument of fraudulent joinder should be rejected because there is

22   a possibility that plaintiff may prevail on his claim against Lampe. (Doc. No. 13 at 4) (citing

23   *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008, 1012 (N.D. Cal. 2001)).

24   Plaintiff argues that because of the presumption against finding fraudulent joinder, defendant has

25   failed to satisfy its heavy burden in asserting fraudulent joinder. (*Id.*)

26           The court recognizes that "[i]n some cases, courts have inferred an improper motive

27   where the plaintiff's proposed amended complaint contains only minor or insignificant changes to

28   the original complaint." *Sabag*, 2016 WL 6581154, at *5. The court, however, does not find that

the substantial similarity between plaintiff's original complaint and his proposed amended complaint supports a finding that plaintiff's *sole* motivation in joining Lampe was to defeat this court's jurisdiction. Moreover, even if plaintiff was *primarily* motivated to destroy diversity—as defendant urges the court to infer from the fact that plaintiff knew of Lampe's identity but did not name Lampe as a defendant until after defendant FCA removed this action—that too is insufficient to support a finding of fraudulent joinder here because plaintiff has alleged a valid claim against Lampe. As explained below, the court finds that plaintiff's negligent repair claim against Lampe is facially valid and that conclusion supports a finding that plaintiff's motive in joining Lampe as a defendant is not *solely* to destroy diversity. In addition, although the timing of plaintiff's motion for leave to amend might raise a suspicion about his motive in doing so, the court does not agree with defendant that such a suspicion supports a finding of bad faith. *See Lara*, 2013 WL 1155523, at *5 (declining "to impute an improper motive to Plaintiffs simply because Plaintiffs seek to add a non-diverse defendant post-removal," and explaining that "the Court does not construe Plaintiffs' preference for state court any more negatively than Defendants' preference for federal court").

Accordingly, the court finds that consideration of this factor is neutral, weighing slightly in favor of permitting joinder of Lampe in this action.

       4.    Validity of Plaintiff's Claim Against the Non-Diverse Defendant

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at *3 (E.D. Cal. Aug. 1, 2019) (quoting *Forward–Rossi v. Jaguar Land Rover N. Am., LLC*, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016)). For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularly. *Dordoni*, 2020 WL 6082132, at *5. "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag*, 2016 WL 6581154, at *6 (quoting /////

12

*Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM-KJN, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015)).

Here, plaintiff contends that he has stated a facially valid claim against Lampe for negligent repair. (Doc. Nos. 7-1 at 11–12; 13 at 5–8.) Plaintiff cites to district court decisions in which courts have "expressly held that a claim against a dealership for negligent repair is valid." (Doc. No. 7-1 at 12) (citing cases).

In its opposition, defendant challenges the validity of plaintiff's negligent repair claim against Lampe on several bases. First, defendant contends that "success on the negligent repair claim against LAMPE does not afford plaintiff any additional relief" because plaintiff can recover the full amount of damages requested from defendant FCA alone by prevailing on his warranty claims. (Doc. No. 9 at 9–10.) Second, defendant argues that the economic loss rule bars plaintiff's negligent repair claim because plaintiff does not allege bodily injuries or property damage, "including any resultant property damage caused by one subcomponent of the subject vehicle to any other components or to the vehicle itself." (*Id.* at 11–12) (emphasis removed) (citing *In re Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation*, No. 18-ML-2814 AB (FFMx), 2018 WL 5905942 (C.D. Cal. Sept. 10, 2018)). Last, defendant asserts that plaintiff's negligent repair claim against Lampe is not sufficiently alleged due to a lack of specific factual allegations "about the purported negligent repair dates, conduct, circumstances amounting to negligence and the alleged resultant damages stemming therefrom." (*Id.* at 13–14.)

In reply, plaintiff contends that the economic loss rule does not apply because (1) no contract for the sale of goods exists between plaintiff and Lampe; (2) any contract between plaintiff and Lampe is a contract for services falling within an exception of the economic loss rule; and (3) he has alleged defects in the subject vehicle's component systems such that it would be "entirely plausible for Plaintiff to allege that the vehicle's defective transmission and/or other defects damaged the vehicle, reduced its value, and made it less safe overall if given the opportunity to amend in state court." (Doc. No. 13 at 5–6.) Plaintiff also alleges that any deficiencies in the allegations of his negligent repair claim, including any deficiencies that would lead to the application of the economic loss rule, can be cured by amendment of the factual

1    allegations.  (*Id.* at 7–8) (citing *Carrillo v. FCA US LLC*, No. 5:20-cv-00481-JGB-SHK, 2020

2    WL 2097743 (C.D. Cal. May 1, 2020)).

3            Plaintiff's possibility of recovery against defendant FCA does not preclude joinder of

4    Lampe.  Several California district courts have found that a dealership that sold or serviced the

5    subject vehicle may be necessary for adjudication of a dispute where claims against both the

6    manufacturer and dealership arise from the same transactions or occurrences.  *See, e.g.*, *McAdams*

7    *v. Ford Motor Co.*, No. 18-cv-07485-LHK, 2019 WL 2378397, at *6 (N.D. Cal. June 5, 2019)

8    (declining to sever the dealership as dispensable party because plaintiff's claims against Ford and

9    dealership arose "from the same series of transactions or occurrences"); *Sabicer v. Ford Motor*

10   *Co.*, 362 F. Supp. 3d 837, 842 (C.D. Cal. 2019) (declining to sever the dealership as dispensable

11   party because plaintiff's claims against Ford and the dealership were "sufficiently intertwined,

12   factually and legally, that severance would be inconvenient and inefficient").

13           Here, defendant FCA fails to show that the economic loss rule entirely precludes

14   plaintiff's negligent repair claim against Lampe.  The economic loss rule arises out of "[t]he

15   distinction that the law has drawn between tort recovery for physical injuries and warranty

16   recovery for economic loss."  *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965).  But California

17   district courts "have been virtually unanimous in rejecting the argument that a dealership" that

18   serviced the subject vehicle is fraudulently joined because the economic loss rule bars a negligent

19   repair claim.  *Adams v. FCA US, LLC*, No. 2:20-cv-06143-SVW-PD, 2020 WL 5642006, at *2

20   (C.D. Cal. Sept. 21, 2020) (citing *Escalante v. Ford Motor Co.*, No. 3:19-cv-06853-VC, 2020 WL

21   95564, at *1 n.1 (N.D. Cal. Jan. 8, 2020) (collecting cases)).  Further, the California Supreme

22   Court has held that "the economic loss rule does not necessarily bar recovery in tort for damage

23   that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a

24   house) into which the former has been incorporated."  *Jimenez v. Super. Ct. of San Diego Cty.*, 29

25   Cal. 4th 473, 483 (2002).

26           Here, plaintiff has alleged defects with various components of the subject vehicle and

27   subcomponents of the engine, including the transmission and suspension.  (Doc. Nos. 1-2 at 6; 7-

28   5 at 5.)  The economic loss rule does not bar plaintiff from recovery in tort for damage that "these

14

subcomponents cause to other subcomponents or the vehicle as a whole." *Ruiz v. FCA US LLC*, No. 2:19-cv-03901-CJC-GJS, 2019 WL 4137613, at *2 (C.D. Cal. May 31, 2019); *see also Sabicer*, 362 F. Supp. 3d at 841 (finding the economic loss rule did not bar recovery in tort for damage that subcomponents caused to the rest of the engine or the vehicle as a whole); *McKeown v. Ford Motor Co.*, No. 2:19-cv-00281-CJC-PLA, 2019 WL 1199468, at *3 (C.D. Cal. Mar. 13, 2019) (same).  Defendant attempts to distinguish this limit on the economic loss rule by arguing that plaintiff did not allege that Lampe's negligent repair work caused any "any resultant property damage caused by one subcomponent of the subject vehicle to any other components or to the vehicle itself." (Doc. No. 9 at 12.)  However, plaintiff does allege that he brought his vehicle to Lampe for repairs on subcomponent parts. (Doc. Nos. 1-2 at 6; 7-5 at 5.)  "Negligent repair of those subcomponents could cause damage to other parts of the vehicle." *Ruiz*, 2019 WL 4137613, at *2.

The court is not persuaded by defendant's argument that plaintiff failed to plead specific factual allegations to support his negligent repair claim against Lampe, particularly because defendant would have the court impose a more stringent pleading standard than what is required under § 1447(e) to state a facially valid claim.  While the specific deficiencies defendant alleges regarding "the purported negligent repair dates, conduct, circumstances amounting to negligence and the alleged resultant damages stemming therefrom" (Doc. No. 9 at 13–14) could result in plaintiff's complaint being dismissed under Rule 12(b)(6), it is clearly possible that each noted deficiency could be cured by amendment.  *See Hall v. Kraft Heinz Food Co. (LLC)*, No. 1:19-cv-00565-LJO-BAM, 2019 WL 2598764, at *3 (E.D. Cal. June 25, 2019) ("Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]."); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("Defendants must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'")

In assessing plaintiff's negligent repair claim against Lampe for purposes of resolving the pending motion, "the question is not whether plaintiff[] will prevail on the merits, or even

withstand a Rule 12(b)(6) motion—the question is whether California law obviously forecloses plaintiff['s] claim." *Millican v. Ford Motor Co.*, No. 3:19-cv-05348-WHA, 2019 WL 7020214, at *1–2 (N.D. Cal. Dec. 20, 2019) (citing *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  Defendant has failed to show, and the court remains unconvinced, that the law with respect to such negligent repair claims is so well-settled that "there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Hall*, 2019 WL 2598764 at *3 (emphasis added); *see also Lytle v. Ford Motor Co.*, No. 2:18-cv-01628-WBS-EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *Tasch v. Ford Motor Co.*, No. 5:18-cv-00380-R-SP, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018) (finding that defendants did not show plaintiff's negligent repair claim was impossible as a matter of California law).

Accordingly, the court finds that consideration of this factor also weighs in favor of permitting joinder of Lampe in this action.

5.      Whether the Statute of Limitations Would Preclude a New Action in State Court

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Dordoni*, 2020 WL 6082132, at *4 (citations omitted) (finding that "[b]ecause Plaintiffs would not be time-barred from filing a new action in state court, the second factor does not support joinder").  "If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action." *Sandhu*, 2017 WL 403495, at *3.  The statute of limitations for breach of warranty claims under the Song-Beverly Act is four years.  *See Sabag*, 2016 WL 6581154, at *5; *Avellanet*, 2019 WL 5448199, at *4 (finding statute of limitations factor weighed against permitting joinder where plaintiff's implied warranty claim against the dealer would not be time-barred in a new action in state court by the four-year statute of limitations).

/////

16

Here, plaintiff alleges that he brought the vehicle to Lampe for repair on or about February 29, 2019, and concedes that if he were to file a new action against Lampe in state court, his negligent repair claim would not be time-barred by the applicable statute of limitations. (Doc. No. 7-1 at 10.)

Accordingly, the court finds that consideration of this factor weighs against permitting joinder of Lampe in this action.

6.    Prejudice to Plaintiff

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6 (concluding that "[b]ecause [the dealer] is a potentially responsible party, plaintiff will be prejudiced in its absence") (citing *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, at *9 (E.D. Cal. 2010)).

> Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force the plaintiffs to "proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice."

*Avellanet*, 2019 WL 5448199, at *4 (quoting *Delafontaine v. Volvo Cars of N. Am., LLC*, No. 16-7154-GHK, 2016 WL 7338404, at *4 (C.D. Cal. Dec. 19, 2016); *see also Lara*, 2013 WL 1155523, at *5 (a finding "that precluding Plaintiffs from joining [non-diverse defendant] Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court").

Here, defendant does not argue that it will suffer prejudice if plaintiff is permitted to add Lampe as a defendant in this action. It is undisputed that plaintiff's negligent repair claim against Lampe and Song-Beverly claims against defendant FCA arise out of the same transaction or occurrence (*see* Doc. Nos. 7-1 at 15; 13 at 8), and if the court denies joinder of Lampe, plaintiff would have to proceed with separate litigation against Lampe in state court. Plaintiff argues that he would be prejudiced by "be[ing] forced to incur significant expenses associated with pursuing

/////

17

1    similar litigation in two separate forums" and "a risk of conflicting verdicts." (Doc. No. 13 at 8–

2    9.) The court finds plaintiff's argument in this regard to be persuasive.

3         Accordingly, the court finds that consideration of this factor weighs in favor of permitting

4    joinder of Lampe in this action.

5         Given that the balance of the § 1447(e) factors weigh in favor of permitting joinder of

6    Lampe, the "strong presumption" against removal jurisdiction, and the heavy burden on

7    defendant of proving fraudulent joinder, the court concludes that plaintiff's joinder of Lampe is

8    proper and will exercise its discretion and permit joinder of Lampe in this action.

9    **B.      Motion to Remand**

10        Defendants removed this action to this federal court alleging diversity of citizenship.

11   (Doc. No. 1 at 1.) Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of

12   diversity of citizenship if the matter is between citizens of different states and the amount in

13   controversy exceeds $75,000. Because both plaintiff and Lampe are citizens of California, the

14   court will also grant plaintiff's motion to remand this action due to a lack of subject matter

15   jurisdiction since complete diversity of citizenship has been destroyed by Lampe's joinder.

16                                    **CONCLUSION**

17        For the reasons set forth above:

18        1.     Plaintiff's motion for leave to amend his complaint (Doc. No. 7) is granted;

19        2.     Plaintiff's motion to remand this action (Doc. No. 7) is granted;

20        3.     This action is remanded forthwith to the Tulare County Superior Court, pursuant to

21               28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

22        4.     The Clerk of the Court is directed to close this case.

23   IT IS SO ORDERED.

24   Dated:   __**December 8, 2020**__                    _____

25                                                        UNITED STATES DISTRICT JUDGE

26

27

28

                                         18